


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVIN BIXLER, JR.<br>640 N. Buckley Street<br>Bristol, PA 19007<br><br>v.<br><br>ALAN RITCHEY, INC.<br>740 S I-35 E. Frontage Road<br>Valley View, TX  76272-0249 | DOCKET NO.<br><br>04 cv 3822<br><br>ATTORNEY I.D. 30889<br><br>FILED<br>AUG 1 2 2004<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

COMPLAINT

1.  JURISDICTION

   1.   This action is brought pursuant to the Americans With Disabilities Act, 42 U.S.C., §12101, *et seq.* and the Family and Medical Leave Act (FMLA), 29 U.S.C.A. §1331 and 28 U.S.C. §1367. State law claims are filed pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.,* and the common law of the Commonwealth of Pennsylvania.

   2.   Plaintiff, Marvin Bixler, Jr., has exhausted administrative remedies for his claims under the ADA, 42 U.S.C., §12101, *et seq.,* the FMLA, 29 U.S.C. §1331, *et seq.,* and the PHRA, 43 P.S. §951, *et seq.*  By filing in a timely fashion with the Pennsylvania Human Relations Commission (PHRC) and the U.S. Equal Employment Opportunity Commission (EEOC), Plaintiff requested the U.S. Equal Employment Opportunity Commission issue a Right to Sue letter, a copy of which is attached hereto as Exhibit A.



3. Plaintiff, Marvin Bixler, Jr., an adult individual, residing at 640 N. Buckley Street Bristol, PA 19007 was employed by Alan Ritchey, Inc., originally hired as a material handler then moving into a position as mechanic.

4. Defendant, Alan Ritchey, Inc., headquartered in Valley View, Texas, maintains offices at Philadelphia MTESC, 37 Runway Road, Bristol Industrial Park, Levittown, Pennsylvania 19057, operating a Mail Transport Equipment Service Center employing approximately 149 people at this location. The Defendant is an employer as defined in the ADA, FMLA and PHRA.

II    FACTUAL BACKGROUND

5. Plaintiff was hired by Defendant on or about April 5, 1999 as a Material Handler. On or about October 18, 1999, Plaintiff became a mechanic in the Container Repair Department, being told by his superiors that his performance was so good they did not consider anyone else for the position. The plaintiff was qualified to perform his job.

6. Initially when he was promoted to mechanic, Defendant employed approximately 23 mechanics. During the last two years that he was employed, 2002-2003, Defendant laid off all of the lesser performing mechanics so that by the time of his discharge, February 25, 2003, there were only five mechanics left.

7. Plaintiff's performance was such that although Ritchey had two layoffs during 2002 and 2003 and laid off eight mechanics, Plaintiff's performed better than 50% of the employees, thus surviving said layoffs.

8. During the calendar year 2000, Plaintiff's grandson was born with multiple

2

birth defects and almost died. Plaintiff's foreman was well aware that his four absences in October and December of 2000 and January of 2001 were due to his visiting his grandson in Children's Hospital.

9. Despite this knowledge, plaintiff received a verbal warning that his failure to improve his job performance would result in disciplinary action and possible termination.

10. On August 17, 2001, while waiting to use the lavatory, the Plaintiff did step outside for a cigarette. He was charged with an unauthorized break and another verbal warning similar to that referenced in paragraph 9.

11. On or about December, 2002, he was asked to drive a forklift, a task that is not part of a Repair Mechanic. Plaintiff agreed to do so in order to be helpful.

12. Plaintiff backed into a pole and was told that he would receive no overtime or incentives for 90 days as punishment.

13. At the end of 2002 and beginning of 2003, Plaintiff's health declined. Plaintiff was subsequently diagnosed with chronic Hepatitis C.

14. Despite plaintiff's declining health, he maintained his work rate at well above the minimum standard of 135% and incurred the least amount of reworks of all of the mechanics. Plaintiff was able to fulfill his quotas and work several hours of overtime during the week

15. Through all of this plaintiff was openly ill, sleeping over his lunch at break times at his station. This was observed by all of the mechanics and his foreman, Joe Loomis

16. On or about February 19, 2003 it was announced that the mechanics would be required to work mandatory overtime on Saturdays. Plaintiff immediately told his foreman

3

## COUNT I

### VIOLATION OF THE A.D.A., 42 U.S.C., §12101, *et seq*.

23. The allegations contained in paragraphs 1 through 22 are incorporated herein as if set forth in full.

24. The Defendant, employer, Alan Ritchey, Inc., knew that the plaintiff, who was otherwise qualified to do his job, was suffering from a medical condition that severely limited major life activities.

25. That Defendant discriminated against Plaintiff on the basis of his disability which is in direct violation of the Americans with Disabilities Act of 1990, as amended, by failing to begin the interactive process which would have uncovered the fact that the plaintiff was disabled by Hepatitis and in need of accommodation but instead chose to terminate the plaintiff on suspicion of malingering all of which violates the ADA .

## COUNT II

### PLAINTIFF'S CLAIMS UNDER PHRA, 43 P.S. §951, *et seq*.

26. The allegations contained in paragraphs 1 through 25 are incorporated herein as if set forth in full.

27. Defendant is an employer employing one or more persons within the Commonwealth of Pennsylvania and as such is an employer covered by the PHRA

28. Pennsylvania's Human Relations Act (PHRA), 43 P.S. §951, *et seq.*, provides for both compensatory and punitive damages for failing to accommodate plaintiff's

5

disability. For doing so and accusing the plaintiff of malingering rather than engaging in the investigative process, Defendant violated Pennsylvania's Act and is liable for payment of lost back pay, future earnings, retirement and other benefits, and compensatory and punitive damages under said law.

## COUNT III

### PLAINTIFF'S CLAIMS UNDER THE FMLA, 29 U.S.C. P.S. § 2601, *et. seq.*

29. The allegations contained in paragraphs 1 through 28 above are incorporated herein as if set forth in full.

30. Plaintiff was a qualified employee as defined by the FMLA, §2611 (2)(A) and entitled to the benefit of leave with job security under provisions of said Act, pursuant to §2612 (1)(D). Defendant is an employer within coverage of said Act.

31. Defendant discriminated against Plaintiff by failing to offer him FMLA leave. Such interference with and denial of rights is expressly prohibited by said Act.

32. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has lost earned income, job security, life and health insurance benefits, and has suffered needless prolonged emotional distress by being forced out of his job and being refused his right to return to his job when he exercised his rights under the FMLA.

III.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Marvin Bixler, Jr., respectfully requests that this Honorable

Court:

(a) declare Defendant Alan Ritchey, Inc.'s conduct to be in violation of Plaintiff's rights;

(b) enjoin Defendant Alan Ritchey, Inc. from engaging in such conduct in the future;

(c) restore Plaintiff to his rightful place as mechanic at Alan Ritchey, Inc.;

(d) award Plaintiff equitable relief of back pay and benefits up to the date of reinstatement and front pay and benefits accrual;

(e) award Plaintiff compensatory damages to which he is entitled for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, damages for breach of contract and any other compensatory damages;

(f) award Plaintiff punitive damages to which he proves himself entitled;

(g) award Plaintiff attorney's fees and costs; and

(h) grant such other relief as it may deem just and proper.

(i) award Plaintiff damages to which he is entitled.

IV.    JURY DEMAND

Plaintiff, Marvin Bixler, Jr., demands a jury to try all claims triable by a jury.

                                          Respectfully submitted,

                                          */s/ Martha Sperling*

                                          Martha Sperling, Esquire
                                          Attorney I.D. #30889
                                          Attorney for Plaintiff
                                          SILVER AND SPERLING
                                          107 North Broad Street
                                          Penn's Grant Building
                                          Doylestown, PA 18901
                                          (215) 348-1666

Date:

# Exhibit A

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Marvin Bixler, Jr.  
640 New Buckley Street  
Bristol, PA 19007

From: Equal Employment Opportunity Commission  
Philadelphia District Office  
The Bourse  
21 S. Fifth Street, Suite 400  
Philadelphia, PA 19106-2515

[ ] *On behalf of person(s) aggrieved whose identity is*  
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2003-02013 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not **be collectible.**

On behalf of the Commission

_____  
/ Marie M. Tomasso, District Director

June 4, 2004  
*(Date Mailed)*

Enclosure(s)

cc:  Alan Ritchey, Inc.  
Martha Sperling, Esquire (For Charging Party)  
Richard J. Cino, Esquire (For Respondent)